UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Sadae Ikoli *et al.*,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 26 2017

16-cr-148 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

The defendants in this case are charged with conspiring to, and committing, bank fraud. Before the Court are various pretrial motions filed by Defendants Elijah Ellis and Justice Green. These motions include a motion to suppress, a motion for a *Wade* hearing, motions for various pretrial disclosures, and motions for a bill of particulars.

## I. Background

This was a nine-defendant conspiracy and bank fraud case.[1] Superseding Indictment (Dkt No. 70). As explained below in the section addressing the defendants' motions for a bill of particulars, the factual allegations in the indictment are sparse. The Government, however, provides some factual detail in its briefing in opposition to the defense motions. *See* Gov't Opp. at 2-3 (Dkt No. 134). Therefore, for purposes of this Memorandum & Order, the Court draws from the Government's opposition brief in addition to the indictment when describing the basic facts of this case.

The Government alleges that the defendants in this case committed bank fraud by cashing fake checks, valued at just under $1,000, in rapid succession at various banks across four states.

---

[1] Seven of the nine defendants in this case have pled guilty. Defendants Elijah Ellis and Justice Green have not.

1

*Id.* According to the Government, this fraud was perpetrated by a conspiracy comprised of three groups of people: the "Recruiters," the "Account Holders," and the "Check Makers." *Id.* at 3. The Government alleges that the Recruiters would seek out Account Holders, either through existing friendships, on social media, or through the recruitment of randomly selected people on the street. *Id.* The Recruiters would give the Account Holders approximately $1,000 to deposit into either newly opened or previously existing bank accounts. *Id.* The Check Makers would give the Recruiters fake checks, usually in amounts just under $1,000. *Id.* At the instruction of the Recruiters, the Account Holders would cash the same fake check at multiple different bank branches so quickly that the banks did not realize what was occurring, resulting in the same fake check being cashed multiple times. *Id.* at 2-3. The check cashing occurred in various banks across Pennsylvania, New York, New Jersey, and Massachusetts. *Id.* The money made from the fraudulent transactions was split among the members of the conspiracy. *Id.* at 3.

On February 22, 2016, a Grand Jury indicted eight individuals with one count of conspiracy to commit bank fraud (in violation of 18 U.S.C. § 1349) and one count of bank fraud (in violation of 18 U.S.C. § 1344). Dkt No. 1. On May 16, 2016, the Grand Jury returned a superseding indictment adding another defendant (non-moving defendant Melissa Mercado) and charging the defendants with the same two offenses. Dkt No. 70; Gov't Opp. at 3.

## II. Discussion

Before the Court are various pretrial motions filed by two of the defendants in this case.[2] Defendant Justice Green has filed a suppression motion, a motion for Rule 404(b) disclosures, and a motion for a bill of particulars. Defendant Elijah Ellis has filed a motion for a *Wade*

---

[2] Originally, five of the nine defendants (Efe Opuoru, Elijah Ellis, Isaiah Ellis, Justice Green, and Mark Roberts) filed motions in this case. Dkt Nos. 102, 107, 108, 112, 117. Three of those defendants — Efe Opuoru, Isaiah Ellis, and Mark Roberts — subsequently pled guilty. The Court therefore only resolves the motions filed by Elijah Ellis and Green. The motions filed by Opuoru, Isaiah Ellis, and Roberts are hereby denied as moot.

hearing, a motion for various pretrial disclosures, including *Brady/Giglio*, Rule 404(b), and *Bruton* disclosures, and a motion for a bill of particulars.

As explained below, the Court concludes that factual disputes necessitate an evidentiary hearing for the motion to suppress filed by Green. However, the Court denies Elijah Ellis's motion for a *Wade* hearing. The Court also denies the requests for various pretrial disclosures. Additionally, in light of the Government's representation that it will provide more detailed information regarding the discovery, the Court presently denies the requests for a bill of particulars.

### A.  Joinder of Motions

Both defendants requested that they be permitted to join their co-defendants' pretrial motions. Elijah Ellis Mot. at 2 (Dkt No. 117); Green Mot. at 1 (Dkt No. 108). The Court grants these requests, and to the extent applicable, all decisions made by the Court will apply to both defendants.

### B.  Green's Motion to Suppress

Green seeks to suppress various physical evidence seized by the police and statements made by him in the wake of a July 20, 2015 traffic stop. Green Memo. at 5-11 (Dkt No. 111). Additionally, he seeks to suppress a cell phone seized from his home after his February 22, 2016 arrest. *Id.* at 11-15. In the alternative, Green requests an evidentiary hearing to address these issues. *Id.* at 11.

"[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Watson*, 404 F.3d 163, 167 (2d Cir. 2005) (citations and quotation marks omitted). In

3

other words, "the defendant must show that contested issues of fact exist necessitating an evidentiary hearing." *United States v. Shaw*, 260 F. Supp. 2d 567, 570 (E.D.N.Y. 2003) (citing *United States v. Jailall*, No. 00 CR 069, 2000 WL 1368055, at *8 (S.D.N.Y. Sept. 20, 2000)). A defendant can satisfy this requirement by providing an affidavit of someone with personal knowledge of the underlying facts, such as the defendant himself. *See United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967); *Shaw*, 260 F. Supp. 2d at 570.

The Government concedes that, at least with the respect to the seizure and search of Green's cell phone, factual disputes necessitate an evidentiary hearing. Gov't Opp. at 32. After reviewing the parties' papers, the Court has determined that factual disputes also necessitate an evidentiary hearing for Green's motion to suppress the purported tainted fruits of the July 20, 2015 traffic stop. The Court will schedule this hearing in a separate order.

### C.     Elijah Ellis's Motion for a *Wade* Hearing

Elijah Ellis has requested "a *Wade* hearing to determine if pre-trial identification procedures of Mr. Ellis were unduly suggestive." Elijah Ellis Mot. at 1. The Government's discovery disclosures revealed that Elijah Ellis was identified through photographs at least three different times. Elijah Ellis Memo. at 2-4 (Dkt No. 118); Gov't Opp. at 24. A cooperating witness ("CW-1") identified Elijah Ellis from in a photo book containing approximately forty-nine photographs, and two coconspirators ("CC-1 and CC-2") identified Elijah Ellis from photo arrays containing six photographs. Elijah Ellis Memo. at 2-4; 13-18.

Due process principles prohibit the introduction of a pretrial identification "if it was both produced through an unnecessarily suggestive procedure and unreliable." *United States v. Bautista*, 23 F.3d 726, 729 (2d Cir. 1994) (emphasis omitted). A defendant who has been identified during a pretrial procedure may request a "*Wade* hearing," the purpose of which "is to

4

determine before the trial whether pretrial identification procedures have been so improperly suggestive as to taint an in-court identification." *Lynn v. Bliden*, 443 F.3d 238, 248 (2d Cir. 2006) (brackets and citation omitted); *see also United States v. Wade*, 388 U.S. 218 (1967).

While this Circuit has a preference for holding a *Wade* hearing upon a defendant's request, *see United States v. Archibald*, 734 F.2d 938, 941 (2d Cir. 1984), a defendant is not automatically entitled to a *Wade* hearing. A district court must hold a *Wade* hearing only if the defendant "make[s] a threshold showing that the surrounding circumstances or actual conduct of the [pretrial identifications] were suggestive." *United States v. Leonardi*, 623 F.2d 746, 755 (2d Cir. 1980); *see also United States v. Washington*, No. 05-CR-558 NG, 2006 WL 3359060, at *2 (E.D.N.Y. Nov. 17, 2006) ("Where . . . the defendant has failed to make a threshold showing of impropriety in the conduct of an array, a pre-trial hearing into the identification procedures is not warranted."). "A defendant may not baldly request a *Wade* hearing," but rather must "allege facts supporting his contention that the identification procedures used were impermissibly suggestive." *United States v. Chandler*, 164 F. Supp. 3d 368, 383 (E.D.N.Y. 2016) (citation omitted).

The Court concludes that Elijah Ellis has not made the requisite "threshold showing" of suggestiveness. In his motion for a *Wade* hearing, defense counsel does not identify any particular reason to believe the three pretrial identifications were suggestive. *Cf. United States v. Wilson*, 493 F. Supp. 2d 364, 382-83 (E.D.N.Y. 2006) (granting a request for a *Wade* hearing because the defendant had specifically "raised concerns over the differing skin tones and ages between himself and the five fillers used in the lineups"). Rather, defense counsel here generically argues that because the Government's discovery disclosures "do[] not detail the circumstances of how these three witnesses came to identify Mr. Ellis," he must assume that "the

identification proceedings were impermissibly suggestive and the witnesses should not be permitted to make an in-court identification of Mr. Ellis." Elijah Ellis Memo. at 4. This statement, without more, is insufficient to warrant a *Wade* hearing. *See Chandler*, 164 F. Supp. 3d at 383. This is especially true given that the identifiers in this case were not strangers, but rather persons who apparently already knew Elijah Ellis. *See Johnson v. Walker*, No. CV–01–6862(ERK), 2003 WL 22002420, at *9 (E.D.N.Y. Aug. 25, 2003) ("[T]he fact that [the defendant] was known to the eyewitness and was not a stranger is itself compelling evidence of an independent source for the identification.").

The request for a *Wade* hearing is denied.

### D.     Motions for Pretrial Disclosures

#### 1.     *Brady/Giglio* Material

Elijah Ellis seeks production of any *Brady* or *Giglio* information within the Government's possession. Elijah Ellis Mot. at 1. Under *Brady v. Maryland*, 373 U.S. 83 (1963), the Government "has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment." *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001). "This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness." *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). There is no precise rule regarding when exactly the Government must turn over *Brady* or *Giglio* information in its possession; the relevant standard is that the material "must be disclosed in time for its effective use at trial." *United States v. Douglas*, 525 F.3d 225, 245 (2d Cir. 2008) (citations omitted). Here, the Government represents that it "recognizes its obligations under *Brady*," and that "[w]hile the Government is not aware of any *Brady* material, should the Government become aware of any, it will produce it promptly." Gov't Opp. at 38.

6

This satisfies the Government's obligations under *Brady* and *Giglio*, and therefore the motion for the production of such material is denied. *See, e.g.*, *United States v. Gomez*, — F. Supp. 3d —, 2016 WL 4083427, *17 (S.D.N.Y. July 29, 2016); *United States v. De Leon*, No. 10–CR–188A(Sr), 2012 WL 2254932, at *3 (W.D.N.Y. June 15, 2012) ("In reliance upon the government's representation that it is aware of its obligation to disclose potential impeachment material from the personnel files of law enforcement witnesses, the defendant's request is denied as moot."). Although the Court denies the motion, it reminds the Government of its continuing disclosure obligations pursuant to Rule 16, *Brady*, and *Giglio*, and the defendants may renew this motion if they become aware of any failure on the Government's part to comply with these duties. *See United States v. Brown*, 14-cr-509 (NSR), 2016 WL 4734667, *3 & n.1 (S.D.N.Y. Sept. 9, 2016).

### 2. Rule 404(b)

Elijah Ellis also asks the Court to order the Government to make disclosures pursuant to Federal Rule of Evidence 404(b). Elijah Ellis Mot. at 1. Under Rule 404(b), if the prosecutor in a criminal case intends to use "evidence of a crime, wrong, or other act" against a defendant, the prosecutor must "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial" and must "do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b). Here, the Government represents that it "has not yet determined which Rule 404(b) evidence it may seek to introduce at trial, but it will provide appropriate Rule 404(b) notice in a timely fashion in order to permit the defendants an opportunity to challenge admission of such evidence and to permit the Court to make an appropriate finding." Gov't Opp. at 41. This is all that Rule 404(b) requires. *See, e.g.*, *United States v. McDow*, — F. Supp. 3d —, 2016 WL 3636665, at *19 (S.D.N.Y. June 29, 2016)

7

(denying motion for Rule 404(b) evidence when the Government represented that "will provide 404(b) notice in advance of trial . . . as is standard practice in this district" (alteration omitted) (ellipsis in original)); *United States v. Thompson*, No. 13 Cr. 378 (AJN), 2013 WL 6246489, *9 (S.D.N.Y. Dec. 3, 2013). Accordingly, the motion for Rule 404(b) disclosures is denied at this time. The Court, consistent with its regular practice, will set a schedule for Rule 404(b) disclosures following this initial motions practice.

### 3. *Bruton* Statements

Additionally, Elijah Ellis moves for the Government to disclose any statements made by his codefendants that the Government intends to use at trial, so that he can determine whether he has any motions to bring pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). Elijah Ellis Mot. at 1.

In *Bruton*, the Supreme Court "held that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial." *Richardson v. Marsh*, 481 U.S. 200, 201 (1987); *see also Bruton*, 391 U.S. 123. In order to avoid a Confrontation Clause violation, a prosecutor seeking to use a nontestifying codefendant's confession at trial must either sever the trial between the defendant and codefendant or properly redact the confession "to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson*, 481 U.S. at 211. Authority in this circuit holds that *Bruton* and its progeny "do not mandate pretrial disclosure of such statements to the defense." *United States v. Stein*, 424 F. Supp. 2d 720, 727 & n.23 (S.D.N.Y. 2006) (collecting cases). Accordingly, the motion to require the pretrial production of any codefendants' statements at this time is denied. The Court notes, however, that it would be would be "wise" for the Government "to produce such materials in sufficient

8

time for issues regarding such statements to be resolved pre-trial." *United States v. Murgio*, — F. Supp. 3d —, 2016 WL 5107128, at *17 (S.D.N.Y. Sept. 19, 2016) (quoting *United States v. Robles*, No. 04–CR–1036 (GEL), 2005 WL 957338, at *1 (S.D.N.Y. Apr. 22, 2005)).

### E. Motions for a Bill of Particulars

Finally, both Elijah Ellis and Green have moved for a bill of particulars. Elijah Ellis Memo. at 8-10; Green Memo. at 16-19. Both defendants admit that the Government has provided a significant amount of discovery to them, but argue that a bill of particulars is warranted because the Government has not identified which pieces of evidence are relevant to each defendant individually. Accordingly, Green asks for the Government to provide information detailing (1) "[t]he total amount of money that the Government believes the conspiracy is responsible for stealing," (2) "[t]he total amount of money that the Government believes the conspiracy is responsible for stealing from the date that Mr. Green was released from jail," and (3) "[t]he total amount of money that the Government believes Mr. Green personally stole." Green Memo. at 18-19. Elijah Ellis requests a bill of particulars "identifying dates, times and places where Mr. Ellis allegedly engaged in offense conduct." Elijah Ellis Memo. at 9. According to Elijah Ellis, without "any particulars regarding the dates, times and banks relating to Mr. Ellis' alleged involvement in the offense, the bank records which have been produced are of no evidentiary value." *Id.* at 10.

The Government must provide the defendants with sufficient notice of the charges against them. *United States v. Badoolah*, No. 12–CR–774 (KAM), 2014 WL 4793787, at *15 (S.D.N.Y. Sept. 25, 2014). A defendant who believes the government has not discharged this duty may seek a bill of particulars. *See* Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is "to identify with sufficient particularity the nature of the charge pending against [the

9

defendant], thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)).

A defendant is not automatically entitled to a bill of particulars. "A bill of particulars is not . . . intended to be an investigative tool for the defense, nor is its purpose to compel the Government to reveal its evidence prior to trial." *United States v. Patterson*, 02 Cr. 283(WHP), 2002 WL 31890950, at *9 (S.D.N.Y. Dec. 27, 2002) (citing *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990)). Rather, a bill of particulars is "required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Torres*, 901 F.2d at 234 (citation omitted). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574.

The Government may meet its burden of providing a defendant with sufficient notice of the charges, thus obviating the need for a bill of particulars, by providing the information either through the indictment "or in some acceptable alternate form." *Id.*; *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." (citation omitted)). In other words, even when the allegations in the indictment are sparse, the Government may nonetheless satisfy its burden by providing discovery that sufficiently "advise[s] a defendant of the specific acts of which the defendant is accused." *United States v. Clarkson Auto Elec.*, No. 10–CR–6111G, 2014 WL 3906324, at *3 (W.D.N.Y. Aug. 8, 2014) (citing *Torres*, 901 F.2d at 234); *see also United States v. Rigas*, 258 F. Supp. 2d

10

299, 305 (S.D.N.Y. 2003) (denying bill of particulars request in light of "the lengthy Indictment, the early discovery, and the further particularization to be provided by the government"). The Government, however, cannot fulfill this obligation "by providing mountains of documents to defense counsel" without providing guidance as to which documents are relevant. *Bortnovsky*, 820 F.2d at 575; *see also United States v. Urso*, 369 F. Supp. 2d 254, 271 (E.D.N.Y. 2005) ("[A] bill of particulars is appropriately granted where the government's pre-trial discovery disclosures are so voluminous that the defendant remains in the dark about the specific acts of which he is accused.").

Here, the indictment alone is arguably insufficient to satisfy the Government's obligations. The five-page indictment naming nine defendants contains only three pages of substantive allegations, as two pages contain forfeiture allegations. *See* Dkt No. 70. The superseding indictment alleges that the nine defendants committed conspiracy to commit bank fraud and actual bank fraud, but only in general terms. For example, the superseding indictment broadly identifies the timeframe of the crimes, alleging that the conspiracy lasted from "November 2013 through in or about February 2016." Dkt No. 70; *cf. United States v. Wedd*, 15-cr-616 (KBF), 2016 WL 1055737, at *3 (S.D.N.Y. Mar. 10, 2016) (denying bill of particulars request when the indictment "include[d] a chronology of the formation of the scheme" and "identifie[d] the approximate dates of key events that were part of the scheme"). Additionally, the superseding indictment provides limited location information, stating that the defendants committed their crimes "in the Southern District of New York and elsewhere." Dkt No 70; *see Urso*, 369 F. Supp. 2d at 265-66. Furthermore, the indictment alleges that the defendants executed a scheme "to defraud financial institutions," but does not identify any particular institution. Dkt No. 70; *cf. Jailall*, 2000 WL 1368055, at *8 (denying bill of particulars request

11

when, among other things, the government identified the bank defrauded and the amount defrauded). Similarly, the indictment states that "the defendants created and cashed fraudulent checks to obtain funds to which they were not entitled," but it does not identify any specific checks or transactions. Dkt No. 70; *cf. United States v. Mercado*, No. S1 02 CR 675 WHP, 2003 WL 21756084, *4 (S.D.N.Y. July 30, 2013) (denying bill of particulars request when "[t]he indictment list[ed] three specific overt acts and two checks deposited at specified banks").

The Government does not seriously contest that the superseding indictment was insufficient to place the defendants on notice of the nature of the charges, but argues instead that the Government met its burden by providing "thousands of pages of discovery." Gov't Opp. at 43. However, as previously mentioned, the Government cannot meet its burden by dumping voluminous discovery upon the defendants without any sort of guidance. *See Bortnovsky*, 820 F.2d at 575; *cf. Jailall*, 2000 WL 1368055, at *8 (denying motion for bill of particulars where the government had provided "charts demonstrating each instance in which money was withdrawn from an ATM machine with an unauthorized ATM card, including the dates, times, and locations of such withdrawals, and bank statements detailing which the bank accounts affected"). Here, the Government does not claim that it provided any guidance to the defense, such as identifying the dates and amounts of the allegedly fraudulent checks, the locations where the checks were cashed, or which defendants were involved with each fraudulent transaction and what role they played. Rather, the Government contends that it met its burden merely by virtue of the fact that it provided discovery. *See* Gov't Opp. at 43-44.

Nonetheless, the Government has represented that it is "willing to discuss the discovery and its relation to each defendant with counsel for each of the defendants" and that several such conversations have occurred already. Gov't Opp. at 43. The Court therefore presently denies the

request for a bill of particulars. *See, e.g.*, *Rigas*, 258 F. Supp. 2d at 305 (denying bill of particulars request because, among other things, the Government "ha[d] now agreed to provide a bill of particulars addressing Defendants' general areas of concern"). This denial, however, is without prejudice. After meeting with the Government, if the defendants still believe the Government has failed to "to identify with sufficient particularity the nature of the charges against" them, they may renew their request for a bill of particulars. *United States v. D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010) (citation omitted).

### III. Conclusion

For the foregoing reasons, the defendants' motions to join their codefendants' motions are GRANTED. Green's motion for an evidentiary hearing on his motion to suppress is GRANTED. The hearing will be scheduled by separate order. Elijah Ellis's motion for a *Wade* hearing is DENIED. The various motions for pretrial disclosures, including *Brady*, *Giglio*, Rule 404(b), and *Bruton* disclosures, are DENIED. The defendants' motions for a bill of particulars are DENIED without prejudice. The motions filed by Opuoru, Isaiah Ellis, and Roberts are DENIED as moot.

This resolves Dkt Nos. 102, 107, 108, 112, and 117.

SO ORDERED.

Dated: January 26, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge

13